UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LARRY NICHOLAS,

                    Plaintiff,

            v.

FRANKLIN FINEST DELI CORP *d/b/a* FRANKLIN
FINEST DELI, FRANKLIN FINEST INC. II *d/b/a*
FRANKLIN FINEST DELI, BEDFORD GOURMET
DELI CORP, SAMER AHMED ABIAH,
GHAMDAN AHMED OBAYAH, and CHERLY
OBEYEH *a/k/a* CHERLY OBAYAH *a/k/a*
CHARLIE OBAYAH *a/k/a* CHARLIE OBEYEH,

                    Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
23-CV-7878 (MKB) (MMH)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Larry Nicholas, commenced the above-captioned action on October 22, 2023,

against Defendants Franklin Finest Deli Corp, and Franklin Finest Inc. II, both doing business as

Franklin Finest Deli, and Bedford Gourmet Deli Corp (collectively, "Corporate Defendants")

and Defendants Samer Ahmed Abiah, Ghamdan Ahmed Obayah,[1] and Cherly Obeyeh,[2] alleging

---

    [1]  In his motion for default judgment, Plaintiff requested the Court dismiss his claims
against Defendants Samer Ahmed Abiah and Ghamdan Ahmed Obayah without prejudice.  (Pl.'s
Mot. for Default J. and to Am. Case Caption ("Pl.'s Mot."), Docket Entry No. 23; Pl.'s Mem. in
Supp. of Pl.'s Mot. ("Pl.'s Mem.") 1 n.1, Docket Entry No. 23-1.)  On March 24, 2025, Plaintiff
filed a notice of voluntary dismissal as to these defendants.  (Notice of Voluntary Dismissal,
Docket Entry No. 27; Letter dated Mar. 24, 2025, Docket Entry No. 26.)  On March 26, 2025,
the Court dismissed all of Plaintiff's claims against Samer Ahmed Abiah and Ghamdan Ahmed
Obayah.  (Orders dated Mar. 26, 2025.)

    [2]  Although Plaintiff refers to this individual defendant as "Charlie" throughout his
Complaint and motion for default judgment, (*see, e.g.*, Compl. ¶ 2; Pl.'s Mem. 2), and Judge
Henry did the same in the R&R, because there is no longer any additional individual defendant,
the Court refers to the Defendant by his last name, "Obayah."

violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law (the "NYLL"), NYLL §§ 190 *et seq.*  (Compl., Docket Entry No. 1.) Defendants failed to appear or otherwise respond to the action, and the Clerk of Court noticed a default against Defendants on March 14, 2024.  (Clerk's Entry of Default, Docket Entry No. 21.) On May 24, 2024, Plaintiff moved for a default judgment against Defendants and to amend the case caption as to Obayah.  (Pl.'s Mot.)  The Court referred the motions to Magistrate Judge Marcia M. Henry on May 31, 2024 for a report and recommendation.  (Order dated Mar. 31, 2024.)

By report and recommendation dated March 18, 2025, Judge Henry recommended that the Court (1) grant Plaintiff's motion to amend the case caption to reflect Obayah's legal name and (2) grant in part and deny in part Plaintiff's motion for default judgment (the "R&R"). (R&R 2, 5, Docket Entry No. 25.)  Judge Henry recommended that the Court grant Plaintiff's motion for default judgment against Corporate Defendants and award Plaintiff damages in the amount of $42,814.96, which includes, (i) $7,328.00 for unpaid minimum wage pay; (ii) $8,308.00 for unpaid overtime wages; (iii) $1,140.00 for unpaid spread of hours pay; (iv) $16,776.00 in liquidated damages; (v) $5,336.46 in pre-judgment interest to increase by $4.14 per day until the entry of judgment; (vi) attorneys' fees of $2,980.00; (vii) costs of $946.50; (viii) post-judgment interest at the rate set forth in 28 U.S.C. § 1961; and (ix) an increase of fifteen percent of any unpaid amount of the judgment still pending after ninety days following the entry of judgment, per NYLL section 198(4).  (R&R 2, 40–41.)  Judge Henry recommended that the Court deny "[a]ll other requests for relief."  (*Id.* at 41.)  On March 31, 2025, Plaintiff filed his objection to the R&R.  (Pl.'s Obj. to R&R ("Pl.'s Obj."), Docket Entry No. 29.)  Corporate Defendants and Obayah have filed no response to Plaintiff's objection.

For the reasons discussed below, the Court grants Plaintiff's motion to amend the case caption and grants in part and denies in part Plaintiff's motion for default judgment.

**I.    Background**

      **a.    Report and recommendation**

Judge Henry recommended that the Court (1) grant Plaintiff's motion to amend the case caption "to reflect [Obayah]'s legal name 'Jabbar Mazab a/k/a Shaiboob Ahmed Obayah a/k/a Charlie Obayah,'" (2) grant in part and deny in part Plaintiff's motion for default judgment, and (3) deny all other requests for relief.  (R&R 2, 5, 40–41.)

First, Judge Henry concluded that Plaintiff should be allowed to amend the caption of the Complaint because Plaintiff discovered Obayah's "correct legal name is 'Jabar Mazab' and later, following a name change, 'Shaiboob Ahmed Obayah'" after attempting to serve his motion for default judgment on Obayah and submitted court records reflecting Obayah's use of each name. (*Id.* at 6–7.)  Second, Judge Henry concluded that while Plaintiff complied with the procedural requirements for a default judgment motion under Local Civil Rule 55.2 as to all Defendants, Plaintiff failed to comply with the Servicemembers Civil Relief Act (the "SCRA") as to Obayah because he did not file an affidavit or "any information in the motion papers about . . . [Obayah]'s military status." (*Id.* at 12–14.)  Judge Henry therefore recommended that the Court deny Plaintiff's motion for default judgment as to Obayah.  (*Id.* at 14.)  Judge Henry found that (1) Plaintiff can recover under the FLSA for claims beginning on October 22, 2020, and under the NYLL for all claims since the beginning of his employment, (*id.* at 15–16); (2) that Plaintiff and Corporate Defendants are subject to the FLSA, (*id.* at 15–19); (3) that Plaintiff qualifies for protections under the NYLL, (*id.* at 19–20); (4) that Corporate Defendants are jointly and severally liable under the FLSA and NYLL for any damages award in Plaintiff's favor, (*id.* at

20), (5) that Corporate Defendants are liable for failing to pay overtime and providing a below minimum-wage rate in violation of the FLSA and NYLL, (*id.* at 20–24, 30); (6) Plaintiff lacked standing to assert wage notice and wage statement claims under the NYLL, (*id.* at 24–26), and (7) Corporate Defendants are liable for unpaid spread of hours pay under the NYLL, (*id.* at 27). In addition, Judge Henry concluded that the Clerk of Court should enter the proposed default judgment against Corporate Defendants, as amended to reflect the following damages amounts: (1) $7,328.00 for unpaid minimum wage pay; (2) $8,308.00 for unpaid overtime wages; (3) $1,140.00 for unpaid spread of hours pay; (4) $16,776.00 in liquidated damages; (5) $5,336.46 in pre-judgment interest to increase by $4.14 per day until the entry of judgment; (6) attorneys' fees of $2,980.00; (7) costs of $946.50; (8) post-judgment interest at the rate set forth in 28 U.S.C. § 1961; and (9) a fifteen percent increase in any unpaid amount of the judgment awarded under the NYLL if Corporate Defendants fail to timely satisfy judgment.  (R&R 2, 40–41.)  Finally, Judge Henry recommended that the Court deny "[a]ll other requests for relief," including Plaintiff's request for damages for Defendants' failure to provide wage notice and wage statements under the NYLL and other relief the Court deemed appropriate.  (*Id.* at 29, 41; *see also* Compl. ¶ 85.)

## II.   Discussion

### a.   Standards of review

#### i.   R&R

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected.  *Id.*; *United States v. Romano*, No. 15-992, 2022 WL 402394, at *3

(2d Cir. Feb. 10, 2022) (citing *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)); *see also Houghtaling v. Eaton*, No. 22-638, 2023 WL 113840, at *2 n.3 (2d Cir. Jan. 5, 2023) (noting that the district court conducted a *de novo* review of the magistrate judge's report and recommendation and addressed the plaintiff's objections).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *See S.J. v. N.Y.C. Dep't of Educ.*, No. 21-240, 2022 WL 1409578, at *1 n.1 (2d Cir. May 4, 2022) (noting that the district court applied the correct legal standard in conducting *de novo* review of portions of the magistrate judge's report to which specific objections were made and reviewing portions not objected to for clear error). The clear error standard also applies when a "party makes only conclusory or general objections, or simply reiterates his original arguments."  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (quoting *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009)); *Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 579 (2d Cir. 2020) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations.").  Where, however, a party takes "issue with a specific legal conclusion in the report and recommendation," a district court reviews the objected-to portions of the report and recommendation *de novo*.  *Miller*, 43 F.4th at 120–21 (concluding that the plaintiff's objection, although revisiting an issue already argued, should have been reviewed *de novo* where the plaintiff objected to a "specific legal conclusion in the report and recommendation," and noting that clear error is normally applied "when the objections are nonspecific or 'merely perfunctory responses . . . argued in an attempt to engage

the district court in a rehashing of the same arguments set forth in the original petition'"

(alteration in original) (citing *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y.

2006))).

### ii. Default judgment

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step

process' for the entry of judgment against a party who fails to defend: first, the entry of a default,

and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*,

645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005));

*see also Am. Transit Ins. Co. v. Pierre,* No. 24-CV-360, 2025 WL 863865, at *2 (E.D.N.Y. Mar.

19, 2025) (explaining that there is a "'two-step process' for the entry of default judgment against

a party who fails to defend" (quoting *Mickalis Pawn Shop*, 645 F.3d at 128)). "[T]he court may,

on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when

the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers*

*Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citing *Mickalis*

*Pawn Shop*, 645 F.3d at 137); *see also U.S. Bank Nat'l Ass'n v. Joeefi LLC*, No. 24-CV-3966,

2025 WL 1042416, at *1 (S.D.N.Y. Apr. 8, 2025) (same). "A default . . . only establishes a

defendant's liability if those allegations are sufficient to state a cause of action against the

defendant." *Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir.

2013); *see also Wells Fargo Bank, N.A. v. Queen Tec Support Inc.*, No. 23-CV-4462, 2025 WL

939225, at *3 (E.D.N.Y. Mar. 28, 2025) (explaining that the allegations supporting a default

judgment must be "sufficient to state a cause of action against the defendant" (citation omitted));

*LG Funding, LLC v. Fla. Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15,

2015) ("To determine whether the default judgment should issue, the [c]ourt examines whether

'the factual allegations, accepted as true, provide a proper basis for liability and relief.'" (quoting *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010))). However, because there is "'a strong preference for resolving disputes on the merits,' and because 'a default judgment is the most severe sanction which the court may apply,' . . . a district court's discretion in [granting default judgment is] 'circumscribed,'" *Mickalis Pawn Shop*, 645 F.3d at 129 (first quoting *Green*, 420 F.3d at 104; then quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); and then citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004)), and "all doubts must be resolved in favor of the [defaulting] party," *Green*, 420 F.3d at 104 (citing *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)); *Hellman v. Cortland Realty Invs. LLC*, No. 22-CV-08341, 2025 WL 415388, at *2 (S.D.N.Y. Feb. 6, 2025) ("In the Second Circuit, there is a strong 'preference for resolving disputes on the merits.'" (first quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); and then quoting *Johnson v. N.Y. Univ.*, 800 F. App'x 18, 20 (2d Cir. 2020))). "Further, concerns regarding the protection of a litigant's rights are heightened when the party held in default appears *pro se*. . . . Hence, as a general rule a district court should grant a default judgment sparingly . . . when the defaulting party is appearing *pro se*." *Enron Oil Corp.*, 10 F.3d at 96. "The entry of a default, while establishing liability, 'is not an admission of damages.'" *Mickalis Pawn Shop*, 645 F.3d at 128 (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (first citing Fed. R. Civ. P. 55(b)(2); and then citing *Fustok v.*

*ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *see also Sheet Metal Workers Loc. Union No. 46 Health Fund by Milne v. T.J.V. Mech. LLC*, No. 24-CV-06281, 2025 WL 825308, at *7 (W.D.N.Y. Mar. 17, 2025) (same).

**b. Unopposed portions of the R&R**

No party has objected to Judge Henry's recommendations that the Court (1) grant Plaintiff's motion to amend the case caption as to Obayah, (2) grant Plaintiff's motion for default judgment as to Corporate Defendants, and (3) dismiss Plaintiff's wage notice and wage statement claims without prejudice for lack of standing.[3]  In addition, no party has objected to Judge Henry's recommendations that the Court award Plaintiff damages against Corporate Defendants in the amount of $42,814.96, including (i) $7,328.00 for unpaid minimum wage pay; (ii) $8,308.00 for unpaid overtime wages; (iii) $1,140.00 for unpaid spread of hours pay; (iv) $16,776.00 in liquidated damages; (v) $5,336.46 in pre-judgment interest to increase by $4.14 per day until the entry of judgment; (vi) attorneys' fees of $2,980.00; (vii) costs of $946.50; (viii) post-judgment interest at the rate set forth in 28 U.S.C. § 1961; and (ix) an increase of fifteen

---

[3]  Plaintiff alleges that "Defendants violated NYLL [section] 195(1)(a) by failing to provide [him] with the notice required by said law at the time of his hiring" and "violated NYLL [section] 195(3) by paying him in cash without providing him an accompanying wage statement."  (Compl. ¶¶ 61–62, 77, 80.)  In view of Plaintiff's failure to demonstrate how these violations resulted in a tangible injury, Judge Henry "recommend[ed] that Plaintiff's wage notice and wage statements claims . . . be dismissed without prejudice for lack of standing."  (R&R 26.)  Although Judge Henry did not specify whether this dismissal should be as to all Defendants, the Court finds that Plaintiff's allegations are also insufficient to establish standing for violations of NYLL section 195 as to Obayah.  *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 311 (2d Cir. 2024) (finding that plaintiff lacked standing to sue for a violation of NYLL section 195 "[w]ithout plausible allegations that he suffered a concrete injury because of [the defendant's] failure to provide the required notices and statement"); *Quieju v. La Jugueria Inc.*, No. 23-CV-264, 2023 WL 3073518, at *2 (E.D.N.Y. Apr. 25, 2023) ("The injury that plaintiff suffered (*i.e.*, defendants' failure to properly pay him) is not an injury he sustained because of a lack of the required documents; it is an injury sustained because his employer violated its obligation to pay minimum wage, overtime, and spread-of-hours pay under other, express requirements of federal and state law.  It is the violation of those statutes to which his injury is 'fairly traceable.'")

percent of any unpaid amount of the judgment still pending after ninety days following the entry

of judgment, per NYLL section 198(4).  (R&R 40–41.)

 The Court has reviewed these unopposed portions of the R&R and, finding no clear error,

adopts Judge Henry's recommendations and (1) grants Plaintiff's motion to amend the case

caption as to Obayah, (2) grants Plaintiff's motion for default judgment as to Corporate

Defendants, (3) dismisses Plaintiff's wage notice and wage statement claims without prejudice,

and (4) awards Plaintiff damages in the amount of $42,814.96, including (i) $7,328.00 for unpaid

minimum wage pay; (ii) $8,308.00 for unpaid overtime wages; (iii) $1,140.00 for unpaid spread

of hours pay; (iv) $16,776.00 in liquidated damages; (v) $5,336.46 in pre-judgment interest to

increase by $4.14 per day until the entry of judgment; (vi) attorneys' fees of $2,980.00; (vii)

costs of $946.50; (viii) post-judgment interest at the rate set forth in Title 28, United States Code,

Section 1961; and (ix) an increase of fifteen percent of any unpaid amount of the judgment still

pending after ninety days following the entry of judgment, per NYLL section 198(4).

### c.  Plaintiff's objection to the R&R

 Plaintiff requests that the Court adopt the R&R except as to Judge Henry's

recommendation to deny the default judgment motion against Obayah for Plaintiff's failure to

comply with the SCRA.  (Pl.'s Obj. 1.)  First, Plaintiff argues that he has cured the procedural

deficiency in his initial motion by submitting a supplemental declaration addressing Obayah's

military service.  (*Id.* at 1–3.)  In support, Plaintiff submits a supplemental declaration that

attaches six reports from Sam Yousefzadeh, Director of the Department of Defense's Manpower

Data Center, "indicating that no one with [Obayah's] names (and with a date of birth of xx, xx,

1978) . . . was on active duty" at the time Plaintiff moved for default judgment on May 24, 2024

or at the time Plaintiff filed his partial objection to the R&R on March 31, 2025.  (*Id.* at 2–3

(citation omitted).)  Second, Plaintiff argues that, "[i]f the Court elects to excuse the aforementioned deficiency in Plaintiff's initial moving papers," the Court should find that Obayah is liable for Corporate Defendants' violations of the FLSA and the NYLL.  (*Id.* at 3–4.) In support, Plaintiff argues that Obayah was Plaintiff's employer within the meaning of the FLSA and the NYLL because Plaintiff reported directly to Obayah, Obayah had the authority to hire and fire employees of the delis in which Plaintiff worked, and Obayah paid Plaintiff for his work.  (*Id.* at 4.)  In the alternative, Plaintiff requests that the Court deny his motion for default judgment as to Obayah without prejudice.  (*Id.* at 1.)

> ### d.  Plaintiff's default judgment motion

Because Judge Henry concluded that "Plaintiff fail[ed] to demonstrate compliance with the SCRA" and therefore limited discussion of Defendants' liability to Corporate Defendants, (R&R 14), the Court first addresses whether Plaintiff has demonstrated compliance with the SCRA and then addresses whether Obayah is liable for violations of the FLSA and NYLL.

> ### i.   Compliance with the SCRA

Pursuant to the SCRA, the court must "require the plaintiff to file with the court an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit" prior to entering judgment.  50 U.S.C. § 3931(b)(1)(A); *Wilmington Sav. Fund Soc'y, FSB v. Fernandez*, 712 F. Supp. 3d 324, 332 (E.D.N.Y. 2024) (explaining that the SCRA "requires a plaintiff seeking a default judgment to file an affidavit stating whether the defendant is in the military service" (citing 50 U.S.C. § 3931)).  A plaintiff moving for default must investigate and file a non-military affidavit attesting that the defaulting party was not in the military at the time the action commenced or at the time of the default.  *Windward Bora, LLC v. Ortiz*, No. 21-CV-4154, 2022 WL 3648622, at *5 (E.D.N.Y.

July 5, 2022) ("The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." (citation omitted)), *report and recommendation adopted*, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022); *Tenemaza v. Eagle Masonry Corp.*, No. 20-CV-452, 2021 WL 8317120, at *5 (E.D.N.Y. July 22, 2021) (explaining that the non-military affidavit must be based on an investigation "not only . . . after the commencement of an action or proceeding but also after a default in appearance" (citation omitted)).  A plaintiff may satisfy this requirement by obtaining certification of an individual defendant's military status from the Department of Defense's SCRA website.  *Agric. Logistics LLC v. Survival Transp. Inc.,* No. 22-CV-873, 2024 WL 4250354, at *4 (E.D.N.Y. Aug. 7, 2024) ("To satisfy this requirement, '[c]ertification . . . of a defendant's military status can be obtained from the Department of Defense's [SCRA] website.'" (citation omitted)), *report and recommendation adopted*, 2024 WL 4116684 (E.D.N.Y. Sept. 9, 2024); *ADI Glob. Distrib. v. Green*, No. 20-CV-3869, 2023 WL 3355049, at *3 (E.D.N.Y. Apr. 24, 2023) (concluding that the plaintiff complied with the SCRA by providing "a declaration from . . . counsel stating that [the plaintiff] searched the Department of Defense's website and obtained a Status Report pursuant to the [SCRA]"), *report and recommendation adopted*, 2023 WL 3346499 (E.D.N.Y. May 10, 2023); *Pinela Jurado v. Sabor Hispano, Inc.*, No. 20-CV-1104, 2021 WL 11690645, at *7 (E.D.N.Y. Aug. 5, 2021) (explaining that "[p]laintiff's burden in this regard is not a heavy one" because the plaintiff can acquire verification of a defaulting party's military status from the SCRA website).  A plaintiff's failure to comply with these requirements is sufficient to deny default judgment.  *Fernandez*, 712 F. Supp. 3d at 332 ("The court lacks discretion to excuse the plaintiff's failure to comply with the [SCRA]."); *Tenemaza*, 2021 WL 8317120, at *5

(recommending the denial of the plaintiff's default judgment motion because the plaintiff failed to establish compliance with the SCRA).

Plaintiff has complied with the SCRA's requirements to provide a non-military affidavit before the Court enters judgment in his favor.  50 U.S.C. § 3931 (explaining that the "court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court a[] [non-military] affidavit"); *Jimenez v. Green Olive Inc.*, 744 F. Supp. 3d 221, 244 (E.D.N.Y. 2024) (adopting report and recommendation and finding that plaintiff complied with the SCRA where plaintiff later filed an affidavit outlining his investigation of the defendant's military status with attachments after he filed his initial default judgment motion).  On March 31, 2025, Plaintiff filed a supplemental declaration stating that he "conducted an online search of the Department of Defense Manpower Data Center" using Obayah's legal name, former legal name, and one known alias, and that his searches did not indicate that Obayah was in active military service at the time Plaintiff filed his default judgment motion on May 24, 2024, within 367 days of his default judgment motion, at the time Plaintiff filed his objection to the R&R on March 31, 2025, or within 367 days of his objection.  (Suppl. Decl. of Jon A. Stockman ("Stockman Suppl. Decl.") ¶¶ 3–5, Docket Entry No. 29-1.)  Plaintiff also produced status reports from the Department of Defense demonstrating that Obayah is in not in military service.[4]  Plaintiff has therefore sufficiently established compliance with the SCRA as to Obayah.  *See Fernandez*, 712 F. Supp.

---

[4]  (*See* Dep't of Def. Status Rep. as of Mar. 31, 2025 as to Jabbar Mazab, annexed to Stockman Suppl. Decl. as Ex. A, Docket Entry No. 29-2; Dep't of Def. Status Rep. as of May 24, 2024 as to Jabbar Mazab, annexed to Stockman Suppl. Decl. as Ex. B, Docket Entry No. 29-3; Dep't of Def. Status Rep. as of Mar. 31, 2025 as to Shaiboob Ahmed Obayah, annexed to Stockman Suppl. Decl. as Ex. C, Docket Entry No. 29-4; Dep't of Def. Status Rep. as of May 24, 2024 as to Shaiboob Ahmed Obayah, annexed to Stockman Suppl. Decl. as Ex. D, Docket Entry No. 29-5; Dep't of Def. Status Rep. as of Mar 31, 2025 as to Charlie Obayah, annexed to Stockman Suppl. Decl. as Ex. E, Docket Entry No. 29-6; Dep't of Def. Status Rep. as of May 24, 2024 as to Charlie Obayah, annexed to Stockman Suppl. Decl. as Ex. D, Docket Entry No. 29-7.)

3d at 333 ("Adequate proof [of compliance with the statute] might consist of a report from the Department of Defense's website obtained after the defendant's default certifying that the defendant is not in active military service." (citing *ADI Glob.*, 2023 WL 3355049, at *3)); *ADI Glob. Distrib.*, 2023 WL 3355049, at *3 (finding that the plaintiff complied with the SCRA by providing a declaration from counsel that the plaintiff searched the Department of Defense's website and obtained an SCRA report that reflected the defendant's inactive military status).

### ii.    Default judgment factors

In determining whether to grant a default judgment, the court looks to the same factors which apply to a motion to set aside a default judgment, namely: (1) "whether the defendant's default was willful"; (2) "whether [the] defendant has a meritorious defense to [the] plaintiff's claims"; and (3) "the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *United States v. Myers*, 236 F. Supp. 3d 702, 706 (E.D.N.Y. 2017); *see Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001); *Lopez v. Hero Rider USA, LLC*, No. 22-CV-1428, 2023 WL 6226263, at *3 (E.D.N.Y. Sept. 26, 2023) ("Courts use the same three-factor test used to set aside a default judgment to determine whether to grant a default judgment." (first citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); and then citing *Avail 1 LLC v. Latief*, No. 17-CV-5841, 2020 WL 5633869, at *4 (E.D.N.Y. Aug. 14, 2020))).   A default is considered willful where the defendant fails to answer a complaint without explanation or justification.  *See S.E.C. v. McNulty*, 137 F.3d 732, 738–39 (2d Cir. 1998); *Myers*, 236 F. Supp. 3d at 707; *see also Tambriz v. Taste & Sabor LLC*, 577 F. Supp. 3d 314, 321 (S.D.N.Y. 2021) ("Defendants' non-appearance and failure to respond to the [c]omplaint or otherwise appear indicate willful conduct."), *report and recommendation adopted*, No. 20-CV-5409, 2022 WL 282918 (S.D.N.Y. Jan. 31, 2022); *Indymac Bank v. Nat'l*

*Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding that failure to respond to both the complaint and a motion for default judgment demonstrates willful conduct).

First, Obayah was properly served with a summons, consent to magistrate judge jurisdiction form, and Complaint, which were left with a person of suitable age and discretion at Obayah's place of business at 1040 Carroll Street, and mailed to the same address.  (Summons Returned Executed as to Obayah, Docket Entry No. 16.)  Despite being properly served, Obayah failed to answer the Complaint, respond to Plaintiff's motion, or otherwise appear in the action. Accordingly, the Court finds Obayah's default to be willful.  *Tambriz*, 577 F. Supp. 3d at 321 (finding that failure to respond to the complaint or otherwise appear demonstrates willful conduct for a default judgment motion); *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946, 2015 WL 1299259, at *6 (E.D.N.Y. Mar. 23, 2015) ("Defendant has not responded to [p]laintiffs' motion for default judgment, has not appeared in this action, and has not communicated with the [c]ourt in any way.  Accordingly, [d]efendant's failure to answer the [c]omplaint and to respond to the instant motion is sufficient to establish willfulness.").

Second, the Court is not aware of any meritorious defenses Obayah would present in this matter.  *Tambriz*, 577 F. Supp. 3d at 321 (finding that the court was "unable to determine that [d]efendants would be able to present any meritorious defense to [p]laintiffs' claims because [d]efendants . . . failed to appear"); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 31 (E.D.N.Y. 2015) ("Defendants cannot establish a meritorious defense, because where a defendant has not 'filed an answer, there is no evidence of any defense.'" (citation omitted)).

Lastly, denying the motion for default judgment as to Obayah would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this [c]ourt."  *Myers*, 236 F.

Supp. 3d at 708–09 (quoting *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)); *see also Santana v. Latino Express Rests., Inc.*, 198 F. Supp. 3d 285, 291 n.2 (S.D.N.Y. 2016) ("Plaintiff will be prejudiced if, in light of [d]efendants' default, she is unable to vindicate her rights and receive appropriate compensation for her hours worked.").  Thus, entry of default judgment is permissible as to Obayah.

### iii.    Statute of limitations

Plaintiff alleges that the statute of limitations under the FLSA is three years because Obayah acted willfully.  (Compl. ¶ 63.)  In support, Plaintiff alleges that Obayah "willfully failed to pay Plaintiff at the minimum wage rate and willfully failed to pay Plaintiff overtime premium pay." (*Id.*)

Under the FLSA, claims for non-willful violations must be filed within two years and willful violations must be filed within three years.  29 U.S.C. § 255(a); *see also Perry v. City of New York*, 78 F.4th 502, 521 (2d Cir. 2023) (explaining that a jury's finding that the defendants willfully violated the FLSA extended the statute of limitations from two to three years); *Byer v. Periodontal Health Specialists of Rochester, PLLC*, No. 20-CV-1751, 2021 WL 3276725, at *1 (2d Cir. Aug. 2, 2021) ("The FLSA provides a two-year statute of limitations on actions to enforce its provisions, 'except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.'" (quoting *Parada v. Banco Indus. de Venez., C.A.*, 753 F.3d 62, 70 (2d Cir. 2014))).  To establish willfulness for purposes of the FLSA statute of limitations, a plaintiff must show that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act."  *Perry*, 78 F.4th at 521 (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011)); *see also Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 324 (2d Cir. 2021) ("[I]f an employer acts

15

unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful." (quoting *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995))); *Shu Qin Xu v. Wai Mei Ho*, 111 F. Supp. 3d 274, 280 (E.D.N.Y. 2015) (finding willfulness where the defendants did "not dispute that (1) they did not post FLSA and NYLL notices, (2) they made cash payments, and (3) they did not provide overtime pay"); *D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120, 2013 WL 3010810, at *4–5 (E.D.N.Y. June 18, 2013) (finding willfulness as a matter of law based on the "[d]efendants' method of compensating nearly all of the [p]laintiffs in cash and their arbitrary issuance of W-2s [to only some employees]").

The NYLL has a six-year statute of limitations.  NYLL § 198(3) ("[A]n action to recover upon a liability imposed by this article must be commenced within six years."); *Newman v. ASA Coll., Inc.*, 754 F. Supp. 3d 521, 538 (S.D.N.Y. 2024) ("The statute of limitations is six years for claims under the NYLL . . . ."); *Galindo v. Yummy Foods Deli Corp.*, No. 21-CV-45, 2024 WL 947283, at *6 (S.D.N.Y. Jan. 17, 2024) ("Under the NYLL, the statute of limitations is six years." (citing NYLL § 198(3))), *report and recommendation adopted*, 2024 WL 515245 (S.D.N.Y. Feb. 9, 2024); *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914, 2023 WL 6338666, at *5 (E.D.N.Y. Sept. 29, 2023) ("[T]he NYLL establishes a six-year limitations period for wage claims." (citation omitted)), *report and recommendation adopted*, No. 20-CV-2914 (E.D.N.Y. Nov. 30, 2023); *Campos Marin v. J&B 693 Corp.*, No. 19-CV-569, 2022 WL 377974, at *5 (S.D.N.Y. Jan. 21, 2022) ("Claims brought pursuant to the NYLL are subject to a six-year statute of limitations." (citing *Byer*, 2021 WL 3276725, at *2)), *report and recommendation adopted sub nom. Marin v. J&B 693 Corp.*, 2022 WL 374522 (S.D.N.Y. Feb. 7, 2022); *Leon Neri v. Abi Japanese Rest., Inc.*, No. 20-CV-581, 2021 WL 6804252, at *4 n.5 (E.D.N.Y. Nov. 29, 2021)

("The statute of limitations under the NYLL is six years and does not require a showing of willfulness."), *aff'd*, 2023 WL 2395995 (2d Cir. Mar. 8, 2023).

Plaintiff has sufficiently alleged that Obayah's FLSA violations were willful. Plaintiff alleges that Obayah paid him in cash, did not provide overtime pay, and did not provide him with wage statements, which omissions require the Court to find that Obayah acted willfully. (Compl. ¶¶ 59, 61–63.) *See* NYLL § 195(1)(a) (requiring employers to, *inter alia*, provide notice of an employee's regular and overtime rates of pay); *Tahirou v. New Horizon Enters., LLC*, No. 20-CV-00281, 2022 WL 510044, at *11 (D. Conn. Feb. 21, 2022) ("Courts often regard employers as having acted willfully when they pay employees in cash, and when they do not provide proper tax documentation." (collecting cases)); *Perez Garcia v. Hirakegoma Inc.*, No. 17-CV-7608, 2020 WL 1130765, at *7 (S.D.N.Y. Mar. 9, 2020) (concluding that allegations that the defendant "failed to post information as required by the FLSA and the NYLL, paid [the plaintiff] in cash, did not have a time-recording system, and did not otherwise require him to record his hours" demonstrated "deliberate conduct in disregard of an employer's obligations"); *Rivera v. Harvest Bakery Inc.*, No. 13-CV-691, 2018 WL 4214337, at *7 (E.D.N.Y. Aug. 17, 2018) (noting that "employers who have paid employees in cash and erratically issued W-2s have been found to have willfully violated the FLSA" (citation omitted)), *report and recommendation adopted*, 2018 WL 4211301 (E.D.N.Y. Sept. 4, 2018); *Medina v. E. Commc'n Inc.*, No. 16-CV-869, 2018 WL 2899658, at *3 (S.D.N.Y. June 11, 2018) (concluding that the defendants' "violations of the law were willful" where they "were aware of the basic overtime rules," "failed to pay [the p]laintiff at the lawful overtime rate," failed "to provide adequate wage notices and wage statements," and failed "to provide any documentation []such as pay stubs"); *cf. Alberto v. Rico Pollo #2 Rest. Corp.*, No. 18-CV-4762, 2018 WL 6813057, at *4 (E.D.N.Y. Dec. 26, 2018) ("[I]f the payments

in fixed amounts of cash on a weekly basis without credit for overtime are in fact reflective of a policy and practice of defendants, it is hard to imagine a lack of willfulness.").  Because the Court finds that Obayah's violations are willful, the three-year statute of limitations applies to Plaintiff's FLSA claims.

Accordingly, Plaintiff's claims are timely against Obayah with respect to any FLSA violations that occurred on or after October 22, 2020, and any NYLL violations that accrued since the beginning of this employment in June of 2021, (Compl. ¶ 31), *i.e.*, three years and six years, respectively, prior to Plaintiff filing his Complaint on October 22, 2023.

### iv.    Obayah is an eligible employer under the FLSA and NYLL

Plaintiff's allegations sufficiently establish that Obayah "was [the] owner and manager of Bedford Gourmet Deli Corp and Franklin Finest Deli during Plaintiff's tenure" at Franklin Finest Deli and 1040 Carroll Street Deli, which is owned and operated by Bedford Gourmet Deli Corp. (Compl. ¶¶ 2, 30.)  In addition, Plaintiff alleges that his "conditions of employment . . . were controlled by [Obayah]," including his work schedule and how much he was paid.  (*Id.* ¶¶ 31, 33.)  Plaintiff also alleges that "[Obayah] had the authority to hire and fire employees of . . . Corporate Defendants" and that Obayah terminated Plaintiff's employment with Corporate Defendants.  (*Id.* ¶¶ 32, 34.)

The FLSA creates liability for any "employer" who violates its terms.  *See, e.g.*, 29 U.S.C. § 207(a)(1).  Under the FLSA, an "employer" is defined broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d); *see also id.* § 203(a) (defining "person" as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons").  "Because the statute defines employer in such broad terms, it offers little guidance on whether a given

individual is or is not an employer." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *see also Pierre v. City of New York*, No. 20-CV-5116, 2021 WL 3887912, at \*6 (S.D.N.Y. Aug. 31, 2021) ("[U]ltimately, it 'offers little guidance on whether a given individual is or is not an employer.'" (quoting *Herman,* 172 F.3d at 139)).  In making that determination, a court should focus on "whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman*, 172 F.3d at 139 (citation omitted).

Because the "economic reality" of a relationship drives the analysis as to whether it constitutes an employer-employee relationship for the purposes of the FLSA, the determination must be made on a case-by-case basis in light of the totality of the circumstances and cannot rest on "technical concepts." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013); *see also Sanchez Juarez v. Siderakis*, No. 23-7972, 2024 WL 5135383, at \*2 (2d Cir. Dec. 17, 2024) ("[E]mployment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." (alterations in original) (quoting *Irizarry*, 722 F.3d at 104)).  In determining whether a defendant is an "employer," as defined in the statute, the Second Circuit has identified four factors to consider, including, "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry*, 722 F.3d at 104–05 (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008)); *see also Ocampo v. Brown & Appel, LLC*, No. 21-2579, 2022 WL 17684587, at \*2 n.2 (2d Cir. Dec. 15, 2022) (quoting same).  These factors do not, however, "comprise a 'rigid rule for the identification of an FLSA employer,'" but rather provide a guideline "to ensure that the economic realities test

mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Irizarry*, 722 F.3d at 105 (quoting *Barfield*, 537 F.3d at 143); *see also Sanchez Juarez*, 2024 WL 5135383, at *2 ("No one of the four factors standing alone is dispositive" (quoting *Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018))). A district court is "also free to consider any other factors it deems relevant to its assessment of the economic realities." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71–72 (2d Cir. 2003).

Plaintiff has established that Obayah meets three of the four factors relevant to determining whether Obayah "possessed the power to control the workers in question," *Herman*, 172 F.3d at 139, and has therefore established that Obayah is an "employer" under the FLSA and the NYLL.[5] First, Plaintiff submitted a declaration stating that "[Obayah] had the authority to hire and fire employees" of Corporate Defendants' delis, (Decl. of Larry Nicholas ("Nicholas Decl.") ¶ 15, annexed to Pl.'s Mot., Docket Entry No. 23-3), which establishes the first factor — whether the alleged employer had the power to hire and fire employees, *see Rodriguez v. Lucky Lotto Grocery Deli Corp.*, No. 22-CV-2256, 2024 WL 3760583, at *9 (E.D.N.Y. July 18, 2024) (finding that the individual defendants qualified as employers under the FLSA where the plaintiff alleged, *inter alia*, that they "managed the day-to-day operations and further had the power to hire and fire employees" (alterations and internal quotation marks omitted)), *report and recommendation adopted*, 2024 WL 3759660 (E.D.N.Y. Aug. 12, 2024).

---

[5] Because the Court finds that Obayah qualifies as an "employer" under the FLSA and "the NYLL's definition of 'employer' is coextensive with the FLSA's definition," Obayah also qualifies as Plaintiff's employer under the NYLL. *Bocon v. 419 Manhattan Ave. LLC*, No. 23-CV-3502, 2025 WL 832730, at *7 (E.D.N.Y. Mar. 18, 2025) (quoting *Perry v. High Level Dev. Contracting & Sec. LLC*, No. 20-CV-2180, 2022 WL 1018791, at *7 (E.D.N.Y. Mar. 16, 2022)).

Second, Plaintiff alleges in the Complaint that Obayah controlled his "conditions of employment." (Compl. ¶ 31.) Plaintiff also states in his declarations that Obayah "determined [his] schedule . . ." (Nicholas Decl. ¶ 16.) These allegations are sufficient to establish the second factor — whether the alleged employer controlled employee work schedules or conditions of employment. *See Cooper v. Fire & Ice Trucking, Corp.*, No. 23-CV-1675, 2024 WL 3344001, at *7 (E.D.N.Y. July 9, 2024) (finding that "all four factors support a finding that as a matter of economic reality, the plaintiff had an employer-employee relationship with each defendant" where the plaintiff alleged, *inter alia*, that "the . . . business's owner and manager[] set [the plaintiff's] work schedule and that each of the [d]efendants controlled the conditions of [the plaintiff's] employment").

Third, Plaintiff alleges in the Complaint that "[Obayah] determined how much Defendants paid Plaintiff." (Compl. ¶ 33.) Plaintiff also states in his declaration that "[Obayah] determined how much [he] was paid" and paid him in cash for his work at 1040 Carroll Street Deli and at Franklin Finest Deli. (Nicholas Decl. ¶¶ 16–19.) These allegations are sufficient to establish the third factor — whether the alleged employer determined the rate and method of payment. *See Davis v. Navada's Bar & Lounge, LLC*, No. 22-CV-4176, 2024 WL 1531092, at *6 (E.D.N.Y. Mar. 1, 2024) (finding that an individual defendant qualified as an employer under the FLSA where the plaintiff alleged, *inter alia*, that he "controlled employee policies, including decisions regarding payroll, payment policy, and compensation practices"), *report and recommendation adopted*, No. 22-CV-4176 (Mar. 29, 2024).

Although Plaintiff does not allege the fourth factor — whether Obayah maintained employment records — Plaintiff's allegations are sufficient to establish that Obayah is also an "employer" covered by the FLSA and NYLL. *See Jacome v. Optical 49, Inc.*, No. 20-CV-2615,

2021 WL 3375134, at *6 (E.D.N.Y. July 9, 2021) (finding that allegations that the individual defendant "owned, operated, and controlled" the corporate defendant and "hired and fired [p]laintiff, set his working conditions, and determined how and how much [he] was paid" were sufficient to "establish that [the individual and corporate defendants] were joint employers"), *report and recommendation adopted*, 2021 WL 3373130 (E.D.N.Y. Aug. 3, 2021).

v.    **Joint and several liability**

Plaintiff alleges that Obayah "was [the] owner and manager of Bedford Gourmet Deli Corp and Franklin Finest Deli during Plaintiff's tenure at 1040 Carroll Street [Deli] and Franklin Finest Deli." (Compl. ¶ 30.) In addition, Plaintiff alleges that "1040 Carroll Street [Deli] and Franklin Finest Deli were under the same ownership" such that "all the Corporate Defendants were Plaintiff's joint-employer and/or were a single integrated enterprise during Plaintiff's tenure with Defendants" from June of 2021 through on or about December 6, 2021. (*Id.* ¶ 31.) Plaintiff seeks "judgment jointly and severally against each of" Corporate Defendants and Obayah. (Proposed Default J., annexed to Pl.'s Mot. as Ex. O, Docket Entry No. 23-2.)

"A claim alleging 'joint and several liability' is one where any defendant can be liable to the plaintiff in two ways: (1) regardless of whether any other defendant is liable ('several' or individual liability) or (2) where the defendant acted in concert with each and every defendant ('joint' liability)." *Winwear Ltd. v. N. S. U.S. Inc.*, No. 22-CV-5418, 2022 WL 18859026, at *2 n.2 (E.D.N.Y. Dec. 13, 2022); *Umala v. Skylight Holdings*, No. 20-CV-1176, 2021 WL 7908033, at *2 (E.D.N.Y. Feb. 3, 2021) (same); *Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 153 (E.D.N.Y. 2019) (same). An individual defendant may be jointly and severally liable under the FLSA and NYLL when they are plaintiff's employer. *Erdemir v. Allstate Marble & Granite, Kitchens & Baths Inc.*, 704 F. Supp. 3d 337, 369 (E.D.N.Y. 2023) ("'A corporate officer with

operational control of a corporation's covered enterprise is an employer, along with the corporation, jointly and severally liable' for unpaid wages under the FLSA." (citation omitted)), *aff'd*, No. 24-210, 2025 WL 338551 (2d Cir. Jan. 30, 2025); *Fermin*, 93 F. Supp. 3d at 37 ("As the Court has found that [the corporate defendant] and the [i]ndividual [d]efendants were jointly [p]laintiffs' employers, each [d]efendant is jointly and severally liable under the FLSA and the NYLL for any damages award made in [p]laintiffs' favor."); *see also Amador v. 109-19 Food Corp.*, No. 21-CV-4633, 2025 WL 1032031, at *18 (E.D.N.Y. Mar. 14, 2025) ("In order to determine joint and several liability for multiple defendants, courts apply the same standard to FLSA and NYLL claims."), *report and recommendation adopted*, 2025 WL 1031133 (E.D.N.Y. Apr. 7, 2025).

As discussed above in section II.d.iv, Obayah functioned as one of Plaintiff's employers under the FLSA and NYLL.  Plaintiff alleges that Obayah owned and operated Bedford Gourmet Deli Corp and Franklin Finest Deli during Plaintiff's employment with him and Corporate Defendants.  (Compl. ¶¶ 30–31.)  Thus, Plaintiff's allegations are sufficient to establish that Obayah is jointly and severally liable with Corporate Defendants for any FLSA and NYLL damages award to Plaintiff.  *Erdemir*, 704 F. Supp. 3d at 369 (finding that the individual defendants were jointly and severally liable under the FLSA and NYLL where the evidence showed they "were owners of [the corporate defendant], each had substantial control over its day-to-day operations, and each exercised control over the employment relationship between [the corporate defendant] and [p]laintiff"); *Fermin*, 93 F. Supp. 3d at 37 (finding a corporate defendant and individual defendants jointly and severally liable under the FLSA and NYLL because the defendants were plaintiffs' employers); *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 685–86 (S.D.N.Y. 2011) (finding allegations that the individual defendant "was an

owner, partner, or manager" sufficient to qualify him as an employer under the FLSA and NYLL and "therefore to impose joint and several liability" with the corporate defendant "for their respective violations of the wage laws" on a default judgment). Accordingly, Obayah is jointly and severally liable for Plaintiff's damages in the amount of $42,814.96, inclusive of: (i) $7,328.00 for unpaid minimum wage pay; (ii) $8,308.00 for unpaid overtime wages; (iii) $1,140.00 for unpaid spread of hours pay; (iv) $16,776.00 in liquidated damages; (v) $5,336.46 in pre-judgment interest to increase by $4.14 per day until the entry of judgment; (vi) attorneys' fees of $2,980.00; (vii) costs of $946.50; (viii) post-judgment interest at the rate set forth in 28 U.S.C. § 1961; and (ix) an increase of fifteen percent of any unpaid amount of the judgment still pending after ninety days following the entry of judgment, per NYLL section 198(4).

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion to amend the case caption and grants in part and denies in part Plaintiff's motion for default judgment. The Court grants Plaintiff's motion to amend the case caption to identify Defendant "Cherly Obeyeh" as "Jabbar Mazab a/k/a Shaiboob Ahmed Obayah a/k/a Charlie Obayah" in the case caption. The Court grants Plaintiff's motion for default judgment against all Defendants and awards Plaintiff damages in the amount of $42,814.96, which includes, (i) $7,328.00 for unpaid minimum wage pay; (ii) $8,308.00 for unpaid overtime wages; (iii) $1,140.00 for unpaid spread of hours pay; (iv) $16,776.00 in liquidated damages; (v) $5,336.46 in pre-judgment interest to increase by $4.14 per day until the entry of judgment; (vi) attorneys' fees of $2,980.00; (vii) costs of $946.50; (viii) post-judgment interest at the rate set forth in 28 U.S.C. § 1961; and (ix) an increase of fifteen percent of any unpaid amount of the judgment still pending after ninety days following the entry of judgment, per NYLL section 198(4). The Court dismisses Plaintiff's wage

notice and wage statement claims without prejudice for lack of standing.  The Clerk of Court is directed to enter judgment and close the case.

Dated:  April 28, 2025
        Brooklyn, New York

                              SO ORDERED:


                              _____s/ MKB_____
                              MARGO K. BRODIE
                              United States District Judge